## GORDON H. HOLTZ v. MUTUAL SERVICE CASUALTY COMPANY.

117 N. W. (2d) 767.

November 2, 1962—No. 38,417.

*Maun, Hazel, Green, Hayes,· Simon & Aretz* and *Merlyn C. Green,* for appellant.

*Miley, Narveson & Williams* and *David W. Nord,* for respondent.

OTIS, JUSTICE.

Plaintiff appeals from a judgment of the district court entered pursuant to an order denying his motion and granting defendant's motion for summary judgment. The only issue is whether plaintiff's claim for the medical expenses incurred by his wife as a result of an automobile accident exceeds the limits of liability assumed by defendant under the terms of the insured driver's policy.

The parties have stipulated to the facts. Mrs. Holtz was awarded a verdict of $50,000, of which $1,600 represents property damage to her automobile, resulting from a collision with the insured, one Roger Sparrow. Plaintiff's verdict in the sum of $6,862.91 consists of $5,857.16

for his wife's medical and hospital expenses and $1,005.75 for his own injuries. Execution on his judgment against Sparrow having been returned unsatisfied, plaintiff proceeded directly against Sparrow's liability carrier, Mutual Service Casualty Company, respondent herein. Mutual Service has paid Mrs. Holtz $50,000 and has paid plaintiff the sum of $2,660.10, of which $1,005.75 was for his own personal injuries, $1,600, his wife's medical expenses, and $54.35, costs. The $1,600 figure represents the difference between Mrs. Holtz' verdict of $48,400 for personal injuries and the sum of $50,000 which was the limit of liability claimed by Mutual Service as to her. Defendant concedes that plaintiff has a valid claim for his wife's medical expenses provided her personal injuries and medical expenses do not exceed $50,000. The $1,600 for property damage is payable over and above the $50,000 personal injury limit. Plaintiff, on the other hand, contends that by the terms of the policy he is entitled to the amount of the verdict for his own injury in the sum of $1,005.75, which he has received, plus his wife's medical expenses in the sum of $5,857.16, less credit for $1,600 already paid by defendant, or a net claim of $4,257.16.

The provisions of the policy which govern our decision are these:

"COVERAGE A—Bodily Injury Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"COVERAGE B—Property Damage Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \*

"Limits of Liability—Coverage A

"The limit of bodily injury liability stated in the declarations as

applicable to 'each person' is the limit of the Company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person in any one accident; * * *."

The limits of liability covering bodily injury are $50,000 for each person, and the limits of liability covering property damage is $10,000 for each accident. Plaintiff states the issue thus:

"* * * does the phrase 'sustained by one person' apply to and modify the word 'damages' or the phrase 'bodily injury'? If the former, appellant is entitled to prevail."

In other words, it is plaintiff's contention that the policy should be read in this manner:

"$50,000 is the limit of liability for all *damages* sustained by one person in any one accident."

Plaintiff argues that defendant is liable to him and to his wife up to $50,000 apiece for the *damages* each sustained in the collision, and that his wife's medical expenses constitute damages for which he is entitled to reimbursement.

Mutual Service would have us read the applicable provision thus:

"$50,000 is the limit of liability for *all* damages, including medical expenses, arising out of *bodily injury* sustained by one person in any one accident."

This construction would limit liability for all damages, direct and consequential, to $50,000 per injured person. We are of the opinion that both logic and precedent compel us to adopt the latter view. All of the cases called to our attention which construe this particular policy so hold. Of the two decisions cited by plaintiff as controlling, one was expressly overruled after the plaintiff's appellate brief was filed. Guarisco v. Swindle (La. App.) 132 So. (2d) 643. The other decision is Automobile Underwriters, Inc. v. Camp, 109 Ind. App. 389, 32 N. E. (2d) 112 (1941). The question in the Indiana case was whether the father of a minor child could recover for loss of services

and medical expenses arising out of an accident in which the child was injured as an occupant of the insured automobile. The policy required the insurer to pay *damages* on account of bodily injury inflicted upon any person other than an occupant. The Indiana court held that the exclusion did not prevent the father from being compensated for his consequential damages growing out of the child's injuries.

At least five jurisdictions have construed policies similar to the one now under consideration in the manner for which defendant contends. Save only for the omission of the words "sickness or disease" in two of them, the policies had language substantially identical to that in the case at bar. In New Amsterdam Cas. Co. v. Hart, 153 Fla. 840, 844, 16 So. (2d) 118, 119, 150 A. L. R. 1150, 1153, the Florida court held the policy limited liability to "all damages, whether direct or consequential, arising as a result of the *bodily injury*; and this, without regard to whether the damages recoverable are comprehended within one, or several, judgments." This case was followed in a later Florida decision. Universal Underwriters Ins. Corp. v. Reynolds (Fla. App.) 129 So. (2d) 689. New York has construed the policy in the same manner. Bogardus v. United States Fidelity & Guaranty Co. 269 App. Div. 615, 58 N. Y. S. (2d) 217. Wisconsin has held this language to be plain and unambiguous in Bulman v. Bulman, 271 Wis. 286, 291, 73 N. W. (2d) 599, 602, where the court said:

"* * * The measure of his [the husband's] recovery is not governed by the fact that his separate damages arose out of the same accident, but by the fact that they arose out of the same bodily injury."

Nor did the Pennsylvania court find any ambiguity in the provisions of the policy which it construed in Bernat v. Socke, 180 Pa. Super. 512, 515, 118 A. (2d) 253, 254, stating:

"It is contended that the above quoted limits of liability clause is ambiguous and therefore should be construed against the insurance company which drafted the policy. Plaintiff would have the court construe the words

" 'The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising

out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person in any one accident.' to mean that the phrase 'sustained by one person in any one accident' modifies the word damages. By such a construction husband plaintiff would recover because he had damages distinct from those of the wife, although they originated from wife's injuries. However, the court below properly held that the disputed phrase modifies the words 'bodily injury, sickness or disease'. Since only the wife was injured, the limit for all damages resulting therefrom is $5,000. We see no ambiguity in this policy. The construction adopted by the court below is more logical and grammatical, since plaintiff's contention would result in the phrase 'sustained by one person' modifying a word far removed in the sentence."

That decision was cited with approval by the Supreme Court of Pennsylvania in Smith v. Cassida, 403 Pa. 404, 408, 169 A. (2d) 539, 541.

Plaintiff advances as an alternative theory for recovery the provisions of the policy by which defendant assumes liability for property damage, citing Fowlie v. First Minneapolis Trust Co. 184 Minn. 82, 237 N. W. 846, 78 A. L. R. 589; Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291, 3 A. L. R. (2d) 909; and Thompson v. Town of Ft. Branch, 204 Ind. 152, 178 N. E. 440, 82 A. L. R. 1413. These cases hold that derivative claims arising out of another person's injuries constitute property rights in so far as they are not abated but survive the death of the injured person. At least one court has squarely met the question of construing the words "including damages for care and loss of services arising out of bodily injury" in a policy identical with the one before us. In Jaggers v. Merchants Ind. Corp. (D. N. J.) 119 F. Supp. 22, 24, the Federal court held:

"* * * But in the case sub judice, the language of the policy itself so clearly includes loss of services under the coverage of bodily injury that this court must, in good conscience, find that such loss does, within the plainly expressed contemplation of the parties, arise from such bodily injuries and not from any damage to property."

While it is the general rule that ambiguities in a liability policy are

to be construed against the insurer to effect coverage,[1] we do not find that the language under consideration requires an application of that principle.

Quite clearly the policy means that $50,000 is the maximum amount of defendant's exposure for all damages, including consequential damages, occurring to any and all persons by virtue of injury sustained by any one person in a single accident.

Accordingly we hold that plaintiff's recovery for his wife's medical expenses is limited to $1,600, and the judgment of the trial court is therefore affirmed.

Affirmed.

---

[1]Quaderer v. Integrity Mutual Ins. Co. 263 Minn. 383, 116 N. W. (2d) 605.