Clarence Herman **DUTTON**, Plaintiff,

v.

**HIGHTOWER AND LUBRECHT CONSTRUCTION COMPANY**, a Corporation, and **Waldorf-Hoerner Paper Products Company**, a Corporation, Defendants.

Civ. No. 818.

United States District Court
D. Montana,
Missoula Division.
Feb. 27, 1963.

Goldman & Jordan, Missoula, Mont., and Donald J. Horowitz, Olympia, Wash., for plaintiff.

Smith, Boone & Karlberg, Missoula, Mont., for defendant Hightower and Lubrecht Const. Co.

Garlington, Lohn & Robinson, Missoula, Mont., for defendant Waldorf-Hoerner Paper Products Co.

MURRAY, Chief Judge.

The motion of plaintiff to amend his complaint by joining his wife Betty Dutton as a party plaintiff, and stating a claim for loss of consortium on behalf of said wife together with the brief in support of said motion, and the brief of defendant Hightower and Lubrecht Construction Company in opposition to said motion having been considered by the court, and the court being fully advised in the premises,

NOW, THEREFORE, IT IS ORDERED and this does order that said motion to amend the complaint be and the same is hereby granted, and the complaint is ordered amended as requested on pages 10 and 10½ of plaintiff's pre-trial memorandum filed January 11, 1963.

IT IS FURTHER ORDERED that defendants are granted 20 days within which to plead to said complaint as amended.

In Duffy v. Lippsman-Fulkerson & Co., D.C., 200 F.Supp. 71, this court held that under Montana statutory and case law a wife had the right to recover damages for loss of consortium resulting from injuries negligently inflicted on her husband by the defendant. On reconsidering the question in the light of the brief submitted in this case by counsel for defendant Hightower and Lubrecht Construction Company, the court adheres to the view expressed in the Duffy case, supra, but counsels' brief indicates a

misunderstanding of the Duffy opinion which suggests that perhaps that opinion requires some clarification.

■ First of all, it was not intended to hold in Duffy, as counsel seem to understand, that the wife's action for loss of consortium was created in Montana by the Married Women's Act, and paticularly §§ 36–110 and 36–128, R.C.M.1947. The court agrees that these sections are procedural and create no new rights, but only remove the common law disability of married women to enforce their rights otherwise created and existing.

■ ■ The right of the wife to consortium in Montana is created and found in other sections of the Montana Code, and particularly § 48–101, R.C.M.1947, which provides that marriage is a personal relation arising out of a civil contract, and § 36–101 which provides that in the marriage contract *the husband and wife contract toward each other obligations of mutual respect, fidelity and support*. In Wallace v. Wallace, 85 Mont. 492, 516, 279 P. 374, 382, 66 A.L.R. 587, the Montana Supreme Court specifically held that "[i]n addition to support, a wife is entitled to the aid, protection, affection, and society of her husband", all elements embraced within the meaning of the term "consortium". It is thus perfectly clear that, regardless of what rights a wife may or may not have acquired by virtue of her marriage under the common law, under the statutory law of Montana, expressed in §§ 48–101 and 36–101, R.C.M.1947, a woman by her marriage obtains a contractual right to consortium. Therefore, recognizing that the common law is the law of Montana except as changed by statute, if the common law's refusal to permit a wife a cause of action for loss of consortium as a result of a defendant's negligence was based on the premise that at common law she obtained no right to consortium by virtue of her marriage, the common law in that respect has been changed by the above sections of the Montana Code. On the other hand, if the common law recognized the wife's right to consortium, but simply denied her the right to sue for its

loss as a procedural matter, the common law in that respect, too, has been changed in Montana by the Married Women's Act.

Counsel also seem to misunderstand the Duffy opinion as basing the holding that a married woman has a cause of action for loss of consortium under Montana statutes and case law on the case of Conley v. Conley, 92 Mont. 425, 15 P.2d 922. As pointed out, the holding in the Duffy case was based on the code sections and case law mentioned in the preceding paragraph. However, following the reasoning of the Montana Supreme Court in the Conley case to its logical end also compels the conclusion that such a cause of action exists and may be maintained under Montana law.

The Conley case was concerned with the question of the effect of Married Women's Acts and in connection with the purpose of those Acts the Montana Supreme Court stated:

"The primary purpose of these acts was to free the wife from the husband's domination in property matters; *to accomplish that it was requisite to place the wife upon an equal footing with the husband as to the ownership, control, and enjoyment of property, and as to contractual rights in general, with an equal right to resort to the courts. The intention was, in these respects, to place husband and wife upon a parity."*

If the purpose of the Married Women's Act was to place the wife on a parity with the husband insofar as enforcing contractual rights in the courts, it must necessarily follow that the wife has the right to recover for loss of the consortium which she acquires upon marriage under the provisions of § 36–101, R.C.M.1947, because the husband undoubtedly has the right to recover for loss of consortium in Montana. In this connection, as pointed out in the Duffy case, no Montana case has been found specifically allowing such action on behalf of the husband, but Montana is committed to the common law as the law and rule of decision, absent statutory law, and the common law recog-

nized the husband's right to maintain the action for loss of consortium. Montana has enacted no statute taking away this common law right of the husband.

The Conley case refused to permit the wife to maintain the action against her husband for injuries due to the husband's negligence because there existed no corresponding right on the part of the husband to maintain an action for negligence against the wife, either at common law or under the law of Montana. In denying the action to the wife in the Conley case, the court was merely preserving that equality between husband and wife which it held it was the purpose of the Married Women's Act to achieve, whereas by denying the right of action to the wife in the instant case, the court would be perpetuating that inequality between husband and wife which the Montana Supreme Court held the Married Women's Act was intended to remove.

Finally, counsel suggest that in deciding the Duffy case, this court exceeded its "law making" power, pointing out that a Federal Court, sitting in a diversity case, does not enjoy the same "freedom to make law as does a State Court". The fallaciousness of this argument becomes immediately apparent when it is considered that in ruling either way in the Duffy case or in this case, the court would, to the same extent, be "making law", because there is no Montana statute either authorizing or forbidding the action in so many words, and the Montana Supreme Court has never directly ruled on the precise question, nor has any decision on the question by a lower Montana Court been called to the court's attention. However, as the Supreme Court of the United States pointed out in West v. American Telephone & Telegraph Co., 311 U.S. 223, 236, 237, 61 S.Ct. 179, 85 L.Ed. 139, a state is not without law simply because its supreme court has not declared the law, and it is the duty of a federal court in a diversity case to ascertain from all available data what the state law is and apply it. That is what the court has attempted to do both in the Duffy case and in this case,

not make Montana law, but ascertain what the Montana law is and apply it. For the reasons set out above and in the Duffy case, the court is of the opinion that Montana statutory and case law clearly permit the maintaining by a wife of a cause of action for loss of consortium due to the negligent injury of her husband, and that to deny the right to bring such action would be indeed "making law" contrary to that enacted by the Montana Legislature and declared by the Montana Supreme Court.