Keller, Magnuson & Reynolds and Glen L. Drake, Helena, Mont., for defendant.

Carl WOHLBERG and Kathleen Wohlberg, Plaintiffs,

v.

HARTFORD ACCIDENT AND INDEMNITY CO., Defendant.

Civ. No. 1421.

United States District Court
D. Montana,
Helena Division.

Jan. 23, 1967.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Plaintiffs in this action, husband and wife, were awarded a general verdict of $13,774.55 [1] against the defendant's insured in a state court action arising out of a collision between the plaintiffs' automobile and the insured's Pickup truck. The parties by stipulation have agreed:

"Carl Wohlberg asked [in the state court action] for special damages for repair and loss of use of his vehicle and special damages for reasonable expenses of doctors, hospitals, medicine and other expenses expended by him by reason of his wife's injuries to the date of trial. He also asked for general damages for loss of services of his wife, past and future, and future expenses of doctors, hospital and medicine for treatment of his wife. Carl Wohlberg made no claim for personal injuries and testified that he received no injuries in the accident.

Kathleen Wohlberg asked for general damages sustained by reason of her impairment of ability to work, and

1. The jury returned the following verdict: "We, the jury in the above-entitled cause, find in favor of the plaintiffs, and assess their damages in the sum of Thirteen Thousand Seven Hundred Seventy-Four and 55/100ths Dollars ($13,774.55). Dated this 25th day of March, 1966. Darrell E. French, Foreman."

for pain, suffering, temporary and permanent injuries and disability."

At the time of the accident the insured's policy with the defendant company covered the Pickup truck involved in the accident. The defendant, by the terms of its policy, agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by any person * * *." Coverage was limited to $5,-000.00 for "each person" and $10,000.00 for "each occurrence". This further limitation appears in the policy:

"7. Limits of Liability: The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injuries sustained by one person as the result of any one occurrence * * *."

The defendant concedes that $739.60 of the $13,774.55 represents property damage to Mr. Wohlberg's automobile and has agreed to pay to the plaintiffs the sum of $5,739.60. The plaintiffs contend that the defendant must pay $10,739.60, claiming that the additional $5,000.00 represents consequential damages suffered by the husband because of the physical injuries to his wife.

While the question does not seem to have been decided in Montana, the au-thorities generally sustain the defendant's view:

"* * * the words 'one person' have been held to refer to the injured person, and the limit specified for injury to one person applies although others suffered loss from the injury to such person, and although the injured person suffers special damages.

Under this construction of the limitation provision, a husband is not entitled to recover from the insurance company an additional amount over the limit specified for one person for consequential damages to himself resulting from the injury to his wife, such as damage for the loss of her services or consortium and for the cost of her care and treatment." (Footnotes omitted) 8 Blashfield Automobile Law and Practice (1965), § 345.2, pp. 458–459. See also the cases cited in Holtz v. Mutual Service Casualty Company, 264 Minn. 121, 117 N.W.2d 767 (1962) and the annotation at 150 ALR 1154.[2]

The plaintiffs are entitled to judgment for costs awarded in the prior action.

It is therefore ordered that the plaintiffs have judgment for $5,769.70, (the amount the parties agreed upon plus the costs in the prior action), together with interest at six per cent (6%) per annum from the 29th day of March, 1966, and that all other relief be denied.

2. The Montana Supreme Court has recently ruled that the right of a parent to maintain an action for the injury to a minor child is an action for an injury to the parent's pecuniary interest and therefore one for injury to a property right under the statutes of limitations. La-Tray v. Mannix Electric Company, Mont., 419 P.2d 744 (1966). However, in Jaggers v. Merchants Indemnity Corporation of New York, D.N.J.1954, 119 F.Supp. 22, the court held that liability to the injured passenger's husband for medical expenses incurred and for services and consortium of wife lost as a result of injuries sustained in an automobile accident was within the bodily injury coverage and not the property damage coverage of an automobile liability policy almost identical in its provisions to the policy in this case. The case was decided under New Jersey law and in New Jersey the courts had held that an action for loss of services is a property right action for limitation purposes.