No. 86-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MARY HELEN BAIN and ALLYN M. BAIN,
husband and wife,

       Plaintiffs and Appellants,

  -vs-

DANIEL G. GLEASON, FARMERS INSURANCE
EXCHANGE, a reciprocal or interinsurance
exchange,

       Defendants and Respondents.

---

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Anderson, Edwards & Molloy; Donald W. Molloy, Billings,
Montana

    For Respondent:

        Poore, Roth & Robinson; C. Richard Anderson, Butte,
Montana

---

Submitted on Briefs: June 19, 1986

Decided:    October 21, 1986

Filed: OCT 21 1986

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Mary Helen Bain had a claim for injuries received by her through the negligence of Daniel P. Gleason, a driver insured by Farmers Insurance Exchange (Farmers). Mary Helen's husband, Allyn W. Bain had a claim for damages against Daniel P. Gleason for Allyn's loss of consortium through the injuries to his wife. Farmers' applicable motor vehicle liability insurance policy contains provisions defining limited coverage for "each person" injured in any one occurrence and for "each occurrence." Allyn made claim before the District Court, Third Judicial District, Powell County, that his claim for consortium was separately covered by Farmers' policy of insurance issued to Gleason. The District Court held that Mary Helen's claim for her damages and Allyn's claim for consortium, were together subject to the "each person" limitation of the insurance policy. We affirm.

At the time of the incident wherein Mary Helen was injured, Daniel P. Gleason's father additionally insured with Farmers two other motor vehicles owned by the father. Daniel Gleason lived with his father, in the same residence, but Daniel owned the vehicle he was driving when he injured Mary Helen, and Daniel separately insured his motor vehicle with Farmers. Allyn and Mary Helen claim additional coverage extends to them by virtue of the provisions of the father's other two polices. The District Court held not and again, we affirm.

I.

On May 24, 1983, Mary Helen Bain was assisting a stranded motorist on Green House Road near Deer Lodge, Montana. Mary Helen was pouring gas from a gas can into the tank of the stranded automobile as Daniel Gleason drove his 1970 Ford on the same road. Gleason drove his Ford into the back of the stranded automobile trapping Mary Helen Bain between the cars.

As a result of the collision and being struck by Gleason's Ford, Mary Helen Bain was severely injured. She suffered broken legs, a broken pelvis, and as a result of her injuries, her left leg was amputated.

At the time of the collision, Daniel Gleason was living with his parents in Deer Lodge, Montana. Farmers Insurance Group had issued three policies of insurance covering motor vehicles owned by occupants of that same household. One policy of insurance was issued to Daniel Gleason and covered the 1970 Ford automobile which he was driving when he collided with Mary Helen. A second policy was issued to Patrick Gleason, Daniel's father, covering Patrick's 1973 Corona. The third policy was issued also to the father, Patrick Gleason, to insure Patrick's 1981 Buick Skylark.

Each of the insurance policies provided bodily injury coverage in the amount of $25,000 per person, and $50,000 per occurrence. The terms of the three insurance policies were the same, except for the named insureds and the vehicles covered.

Daniel Gleason was admittedly negligent in driving his 1970 Ford into the back of the stranded car trapping Mary Helen Bain between the cars.

Mary Helen's medical expenses at the time this case was submitted to the District Court exceeded $20,000. She

- 3 -

continues to incur medical expenses and will incur them for the balance of her life.

Farmers Insurance Group has paid $25,000 to Mary Helen and Allyn Bain, individually and as husband and wife. It is the position of Farmers that the $25,000 payment is the full extent of and the limit of its liability under the policy issued to Daniel Gleason on May 24, 1983. Mary Helen and Allyn contend that under the terms of the three policies, they are entitled to the maximum amount of insurance available.

## II.

First off, counsel for the Bains point out that no Montana Supreme Court case has directly recognized that a spouse's claim for loss of consortium constitutes a claim which is a distinct and independent cause of action. True, we have alluded to elements of consortium as in Wallace v. Wallace (1929), 85 Mont. 492, 514, 279 P. 374, 382. The federal courts acting in Montana have recognized claims for loss of consortium as distinct and independent causes of action. Duffey v. Lipsman--Fulkerson and Co. (D. Mont. 1961), 200 F.Supp. 71; Dutton v. HighTower and Lubrecht Construction Co. (D. Mont. 1963), 214 F.Supp. 298; Johnson v. United States (D. Mont. 1980), 496 F.Supp. 597 (aff'd in part, rev'd in part, and remanded), 704 F.2d 1431 (9th Cir. 1983). To lay any doubt aside, we agree with the federal courts that a cause of action for consortium of the deprived spouse is separate and distinct from the claim of the injured spouse and that the basis for a consortium claim lies in the Montana statutes in which the husband and wife contract for obligations of mutual respect, fidelity, and support. Section 40-2-101, MCA. We further agree with the court in

- 4 -

Dutton, _supra_, that consortium includes a legal right to the aid, protection, affection and society of the other spouse.

III.

Is the husband's claim for consortium here subject to the "each person" limit of liability provided in Farmers' policy issued to Daniel Gleason?

There is no shortage of cases in which this question has been presented to different courts. Without burdening this opinion with long citations, it is enough to say that the cases can be found by reference to the Annotation, Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person, 13 A.L.R.3d. 1228 (1967 & Supp. 1986). See also 5A Words and Phrases, "Bodily Injury" (1968 & Supp. 1986). The great majority of the decided cases have held that the consortium claim is included within the "each person" limitation. The reasons given for the decisions however are not always uniform, since they depend on the language of the policy before the respective courts, and the applicable statutes of the state involved may have different terms. We therefore determine to examine for ourselves this question in the light of the insurance policy provisions now before us, and of our applicable statutes.

Since Montana has a mandatory motor vehicle liability insurance law, we first look to the terms of the mandatory insurance statutes to determine what they require, and then to the terms of the insurance policy to find whether the insurance policy complies with the mandatory law. Following that, we will look to the terms of the insurance policy to determine if under the policy, irrespective of the mandatory

insurance law, coverage is extended to a consortium claim beyond that provided for in the "each person" provision.

Section 61-6-301, MCA, provides in pertinent part:

> (1) Every owner of a motor vehicle . . . shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle . . . in an amount not less than that required by 61-6-103 . . . .

The referred-to statute, § 61-6-103, MCA, contains the following pertinent provisions:

> (2) Such owner's policy of liability insurance shall:
>
> . . .
>
> (b) insure the person named therein and any other person, as insured, using any such motor vehicle . . . against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle . . . subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows:
>
> (i) $25,000 because of bodily injury to or death of one person in any one accident and subject to said limit for one person;
>
> (ii) $50,000 because of bodily injury to or death of two or more persons in any one accident;. . . .

Our statutes do not define "bodily injury" for this subject.

We turn now to the terms of the insurance policy issued by Farmers to Daniel Gleason. It provides:

> . . . the Company . . . agrees . . . :
>
> To pay all damages the insured becomes legally obligated to pay because of:
>
> (A) bodily injury to any person . . .
>
> . . .
>
> LIMITS OF LIABILITY
>
> The limit of bodily injury liability stated in the Declarations as applicable to "each person" is the limit of the Company's liability for all damages

arising out of bodily injury sustained by one person in any one occurrence. The limit of such liability stated in the Declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the Company's liability for all damages arising out of bodily injury sustained by two or more persons in any one occurrence.

. . .

Bodily Injury means bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by a person.

Damages with respect to Coverage A [bodily injury Coverage] includes damages for care and loss of services.

Plainly it is the public policy of this State, under § 61-6-301, MCA, and § 61-6-103, MCA, that every owner of a motor vehicle operated in Montana must procure a policy of insurance which continuously provides coverage up to the limits set forth in the two statutes. The provisions of the two statutes are a part of every policy of motor vehicle insurance issued in this State under the mandatory law and if the provisions of the insurance policy countermand or diminish the statutory requirements, the policy nevertheless will be considered to provide the statutory requirements. Farmers recognizes this because in each of its policies of insurance it provides that "[p]olicy terms which conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes."

In this case, the language of the statutes and of the policies are substantially similar and it is apparent that the policy terms used by Farmers are in compliance with our mandatory motor vehicle liability insurance law.

In considering the consortium claim, and where it fits into the mandatory motor vehicle liability insurance statutes, we examine closely § 61-6-103, MCA, supra. The

- 7 -

statute requires the motor vehicle owner to "insure the . . . insured, . . . against loss from the liability imposed by law for damages . . . subject to limits . . . as follows: . . . (i) $25,000 because of bodily injury to . . . one person in any one accident[.]" (Emphasis supplied).

It is certain that liability is imposed by law against a negligent driver who causes bodily injuries to one person in any one accident, and for such liability, the mandatory motor vehicle liability insurance statute applies. It seems equally certain that if the injured party is a spouse, and the injuries deprive the other spouse of consortium, liability is imposed by law against the negligent driver for consortium damages "because of bodily injury to . . . one person." In other words, the liability of the negligent driver to the injured party, and to the deprived spouse, both stem from the same bodily injury sustained by "one person in . . . one accident." The statute obviously contemplates that no matter who suffers damages, if the respective damages stem from bodily injury to one person, all of the damages are subject to the "one accident" limitation, in this case, the limit of $25,000.

Counsel for Bains acknowledge that a deprived spouse's action for loss of consortium is derivative from the injured spouse's injuries, but contend that it is derivative only to the extent that the negligent driver must be proved to have caused the original injury. They support their argument with the holdings in cases that regard an action for consortium loss as a separate and independent cause of action which is the property of the impaired spouse and not controllable by the injured spouse. They point also to the injuries of Mary

- 8 -

Helen as different in nature from the injuries suffered by Allyn, such that the cause of action for loss of consortium in favor of the deprived spouse is an independent action which stands on its own footing. Wolff v. Du Puis (Ore. 1963), 378 P.2d 707, 709.

Counsel for Farmers point to Wohlberg v. Hartford Accident and Indemnity Co. (D. Mont. 1967), 262 F.Supp. 711. In that case the federal district court said:

> [T]he words "one person" have been held to refer to the injured person, and the limit specified for injury to one person applies although others suffered loss from the injury to such person, and although the injured person suffers special damages.
>
> Under this construction of the limitation provision, a husband is not entitled to recover from the insurance company an additional amount over the limit specified for one person for consequential damages to himself resulting from the injury to his wife, such as damages for loss of her services or consortium and for the cost of her care and treatment. (Footnotes omitted.) 8 Blashfield Automobile Law and Practice (1965), § 345.2, pages 458-459. See also cases cited in Holtz v. Mutual Service Casualty Company, 264 Minn. 121, 117 N.W.2d 767 (1962) and the annotation at 150 A.L.R. 1154.

262 F.Supp. at 712.

Bains contend that Wohlberg should not control us here, because it was decided before the adoption of the mandatory motor vehicle liability insurance statutes. The trouble with that argument is that Wohlberg fits neatly into the statutory scheme of the mandatory statutes. Nothing in the mandatory statutes is adverse to Wohlberg.

In order to escape the "one person" provision of the mandatory liability insurance law, Allyn must show that his cause of action comes within the "two or more persons" clause of the statute. There is, however, no comfort in the language of the statute itself. Section 61-6-103, MCA, provides for limitation of "$50,000 because of bodily injury

- 9 -

to or death of two or more persons in any one action." Two persons did not receive bodily injury in the unfortunate accident which is the basis of this case. Only Mary Helen received bodily injury. Plainly the motor vehicle liability insurance statute cannot be interpreted to require additional coverage for a consortium cause of action over and above the coverage provided for damages imposed by law through a solely-injured person in one accident.

Recognizing this, counsel contended that bodily injury is not required to establish a cause of action for consortium. On several occasions this Court has recognized the principle that recovery may be allowed even though there is no contemporaneous physical injury. Johnson v. SuperSave Markets, Inc. (Mont. 1984), 686 P.2d 209, 41 St.Rep. 1495; Versland v. Caron Transport (Mont. 1983), 671 P.2d 583, 40 St.Rep. 1681; Dawson v. Hill & Hill Truck Lines (Mont. 1983), 671 P.2d 589, 40 St.Rep. 1689; Ewalt v. Scott (Mont. 1984), 675 P.2d 77. Those cases, however, did not involve "one person," "one accident" provisions of insurance policies nor how recompense for damages for loss of consortium fitted into the mandatory motor vehicle liability insurance statutes.

We therefore interpret the mandatory motor vehicle insurance statutes now in effect to mean that the cause of action for loss of consortium by the deprived spouse and the cause of action for bodily injuries by the injured spouse are subject together to the "one person limitation" found in § 61-6-103, MCA, as referred to in § 61-6-301, MCA.

IV.

We now come to consider the terms of the insurance policy itself. Much of what we have said foregoing relating to the interpretation of the mandatory motor vehicle

- 10 -

liability insurance statutes applies to the provisions of the insurance policy which we have set forth above. We must, however, examine the insurance policy provisions to determine whether, even though the statutes do not require it, this particular insurance policy granted additional coverage to a cause of action for consortium, either by direct policy provision or by inartful drafting.

We are aware of three cases where courts in sister jurisdictions have determined that policy provisions required coverage for loss of consortium beyond the "one person," or "each person" limitations.

One such case is Allstate Insurance Co. v. Handegard (Or. App. 1984), 688 P.2d 1387. In Allstate, the insurance policy defined bodily injury as "bodily injury, sickness, disease or death to any person, including loss of services." Id. at 1388. The Oregon court pointed out that the term "bodily injury" was defined in a manner different from the ordinary understanding of that term under the policy definition and that since a bodily injury included "loss of services," under the terms of the policy, the deprived spouse, though actually uninjured, suffered a bodily injury within the terms of the policy. Id. at 1389-90. Accordingly, the Oregon court extended coverage over and above the "each person" limitation to the "each occurrence" limitation since more than one bodily injury was involved.

In the case before us, as we have shown above, the provision of the policy defining "bodily injury" does not include loss of services. Rather, the Farmers policy defines "damages" as including loss of services. The Oregon case of Allstate is therefore inapplicable here.

- 11 -

The second case is Abellon v. Hartford Insurance Co. (Cal. App. 1985), 212 Cal.Rep. 852. In Abellon, the California court found a wide-open provision of coverage for "each accident." The Hartford policy provided "subject to the limit 'of each person,' the most [Hartford] will pay for all damages resulted from bodily injury caused by any one accident" is $500,000. Id. at 853. Thus the Hartford policy did not limit the "each accident" clause to bodily injuries caused to one person as does our statute, and as does the Farmers policy before us. The California Court extended coverage in the Hartford case under the "each accident" clause because of the lack of specificity in the Hartford policy that the bodily injury under the "each accident" clause must be suffered by two or more persons. We do not have such a clause here.

Our interpretation of the Farmers policy in the case at bar must follow our interpretation of the statutes as they apply to mandatory motor vehicle liability insurance. It is plain, under our statutes, and under the policy provisions here that the "each person" limitation refers to all damages by whomever suffered resulting from one bodily injury in one accident; the "each accident" limitation applies when two or more persons suffer bodily injury in the same accident.

The third case that extended coverage for loss of consortium under the "each accident" clause of the policy is that of Bilodeau v. Lumberman's Mutual Casualty Co. (Mass. 1984), 467 N.E.2d. 137. In Bilodeau, as in the Hartford case, supra, the Massachusetts court had before it a policy the terms of which were ambiguous. Under that policy, the company agreed to pay damages to the "injured person" and contained language to the effect that "the most we will pay

- 12 -

for injuries to two or more people as a result of any one accident is a total of [$20,000]." Id. at 139. The Massachusetts court determined that the "injury" included loss of consortium, because it was not limited to bodily injury and that the consortium clause was covered under the "each accident clause." Id. at 142. Again that clause is much different than the clause facing us in the case at bar.

Our interpretation of the Farmers' policy in the case at bar must follow our interpretation of the statutes as they apply to mandatory motor vehicle liability insurance. It is plain under our statutes, and under the policy provisions here that the "each person" limitation refers to all damages imposed by law by whomever suffered resulting from one bodily injury and one accident; the "each accident" limitation applies when two or more persons suffer bodily injury in the same accident.

Taking another tack, the Bains argue here that the words "bodily injury" do not necessarily require a physical injury to a person; that this Court has held that emotional and mental stress are "injuries" which are compensable as damages. Versland v. Caron Transport, supra; Dawson v. Hill and Hill Truck Lines, supra; French v. Ralph E. Moore, Inc. (Mont. 1983), 40 St.Rep. 481, 661 P.2d 844.

As we noted above, the Montana mandatory motor vehicle liability insurance statutes do not define "bodily injury." The policy in this case however does provide a definition for damages, which includes damages "for care and loss of services." Thus when under the policy here, Farmers agrees to pay the insured for the liability imposed by law "for damages . . . because of bodily injury to one person in any one accident." The policy term of "damages" obviously

- 13 -

includes the consortium claim within the damages limited by the "one person" provision. The policy term "for care and loss of services" is broad enough to cover all elements of damages for loss of consortium.

Bains also point to the definition in the policy of bodily injury, claiming an ambiguity. The definition states that "bodily injury means bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by a person." Bains contend that defining a term by repeating the same term, such as "bodily injury means bodily injury" is in itself ambiguous. Gertrude Stein years ago said that "a rose is a rose is a rose," and all of the literateurs thought Gertrude Stein was marvelous. If we define an apple as an apple, the definition may be ridiculous, but it is not ambiguous. Bodily injury does not become ambiguous simply because it is defined as bodily injury, especially since the term can be plainly understood as meaning physical injury to a person.

We find no ambiguity otherwise in Farmers' policy to change this result.

V.

The remaining issue to be resolved in this case is whether either Allyn or Mary Helen or both are entitled to coverage under the two additional policies of insurance that had been obtained by Daniel Gleason's father on two separate automobiles not involved in the collision with Mary Helen.

In short, Bains contend that Daniel is an insured under the father's policies because Daniel is a relative of his father, and policy provisions which are construed to mean that Daniel is not a relative of his father are nonsensical, and are to be given no effect.

- 14 -

The pertinent terms of the father's policies are these:

Insured means (1)

. . .

Definition of insured

. . .

(b) with respect to a non-owned automobile,
(1) the name insured or a relative

. . .

Non-owned automobile means an automobile not owned by or regularly or frequently used by the named insured or any resident of the same household, other than a substitute automobile.

. . .

Relative means a relative of the named insured who is a resident of the same household, provided neither such relative nor his spouse owns an automobile.

Again, unfortunately for the Bains, we find no comfort or coverage for them under the additional policies owned by Daniel Gleason's father. The policies can only be interpreted to mean that if the name insured under the policies [Patrick Gleason] has a relative living with him in the same household, and that a relative or his spouse owns separately another automobile which is not covered under the same policy procured by the named insured, the automobile owned or frequently used by the relative is not entitled to coverage under the father's policies here because (1) it is not an non-owned automobile entitled to such coverage, and (2) the relative is not a relative within the terms of the policy. The language of the father's policies cannot be construed in any other way.

VI.

Accordingly, we affirm the judgment of the District Court.

_____
John C. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 16 -