No. 96-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996


CAROLYN TREICHEL

Petitioner and Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation
registered to do business in Montana,
and RUTH HINTZ,

Defendants and Appellants,


APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

William Conklin, Allen P. Lanning, Conklin, Nybo,
LeVeque & Murphy, Great Falls, Montana

For Respondent:

Thomas J. Beers, Connell, Beers & Alterowitz,
Missoula, Montana

Submitted on Briefs:  August 22, 1996

Decided: January 2, 1997
Filed:


_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Petitioner Carolyn Treichel (Carolyn) brought this action against State Farm Mutual Automobile Insurance Company (State Farm) seeking a ruling that Carolyn's claim for negligent infliction of emotional distress is not subject to the "Each Person" policy limit applicable to her husband's claim.  The District Court for the Fourth Judicial District, Missoula County, granted Carolyn's Motion for Summary Judgment and entered judgment in her favor.  State Farm appeals.  We affirm.

The sole issue we address on appeal is whether the "Each Person" or the "Each Accident" limits of liability set out and contained in the State Farm policy apply to Carolyn's claim for negligent infliction of emotional distress.

Factual and Procedural Background

On August 9, 1992, Carolyn and her husband, Fredie, were riding their bicycles on Old Highway 200 about two miles east of East Missoula when Fredie was struck from behind by an automobile driven by Ruth Hintz (Hintz).  Carolyn was riding some distance behind Fredie and was not injured.  Carolyn saw Hintz's car strike Fredie and throw him into the air.  She also saw the severe head wound Fredie received when his head hit the vehicle's windshield before he fell to the pavement.  Fredie subsequently died from the injuries he sustained in the accident.

Hintz was insured by an automobile policy issued by State Farm that provided in part:

Limits of Liability:

The amounts of bodily injury liability coverage is [sic] shown on the declarations page under "Limits of Liability -coverage A - Bodily Injury, Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person.  "Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury.  Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all damages due to bodily injury to two or more persons in the same

accident.

The policy limited bodily-injury liability coverage to $25,000 for each person and $50,000 for each accident. State Farm paid Fredie's estate $25,000.

On February 10, 1995, Carolyn brought this action against State Farm and Hintz claiming that she is entitled to an additional $25,000 under the policy for her emotional distress. In the Agreed Statement of Facts, filed April 25, 1995, the parties agreed that Carolyn met all of the elements necessary for a claim of negligent infliction of emotional distress as set forth in the case of Versland v. Caron Transport (1983), 206 Mont. 313, 671 P.2d 583. The parties further agreed that the only issue to be determined by this action is "whether the 'each person' or 'each accident' limits of liability set out and contained in the policy . . . applies to [Carolyn's] claim for negligent infliction of emotional distress."

Carolyn filed a Motion for Summary Judgment on May 23, 1995, contending that, as a matter of law, her claim for negligent infliction of emotional distress is an independent, non-derivative cause of action separate from Fredie's claim and thus covered under the "Each Accident" limits of liability contained in the policy. State Farm filed a Motion for Summary Judgment the following day.

After hearing oral argument, the District Court granted Carolyn's Motion for Summary Judgment, denied State Farm's Motion for Summary Judgment and entered judgment in Carolyn's favor. State Farm appeals the District Court's order and judgment.

## Discussion

### Whether the "Each Person" or the "Each Accident" limits of liability set out and contained in the State Farm policy apply to Carolyn's claim for negligent infliction of emotional distress.

In its Opinion, Order and Declaratory Judgment, the District Court determined that Carolyn's claim for negligent infliction of emotional distress arose "out of the traumatic personal impact upon her own emotional and physical well-being by actually and immediately experiencing the accident which killed her husband directly in front of her." The court concluded that Carolyn was a second injured party in the accident, thus it granted Carolyn's Motion for Summary Judgment and declared that under the policy, Carolyn was entitled to an additional $25,000 for emotional distress damages separate and apart from the $25,000 limitation on Fredie's claim.

Our standard of review in appeals from summary judgment rulings is de novo. Motarie v. N. Mont. Joint Refuse Disposal (1995), 274 Mont. 239, 242, 907 P.2d 154, 156 (citing Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785). When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. Bruner v. Yellowstone County (1995), 272 Mont. 261,

264, 900 P.2d 901, 903. In Bruner, we set forth the following inquiry:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

Bruner, 900 P.2d at 903 (citations omitted). The parties in the case before us stipulated in their Agreed Statement of Facts that the only remaining issue in this case involves the interpretation of the State Farm policy. We have previously stated that the interpretation of an insurance contract involves a question of law. Wellcome v. Home Ins. Co. (1993), 257 Mont. 354, 356, 849 P.2d 190, 192.

The parties in this case stipulated that Carolyn met all of the elements for a claim of negligent infliction of emotional distress as set out in Versland v. Caron Transport (1983), 206 Mont. 313, 671 P.2d 583. However, subsequent to the partiesþ stipulation, this Court decided Sacco v. High Country Independent Press (1995), 271 Mont. 209, 896 P.2d 411, wherein we re-defined and clarified the elements of the torts of negligent and intentional infliction of emotional distress.

The plaintiff in Sacco had been employed at the High Country Independent Press newspaper in Belgrade as a photographer/reporter. After she left the newspaper's employ, officers of High Country Independent Press, Inc. (HCIP), the corporation that owned the newspaper, made allegations to the Belgrade Police that the plaintiff had stolen proof sheets and photographs from the newspaperþs offices. Criminal charges were brought against the plaintiff but were eventually dismissed. The plaintiff brought an action against HCIP and a Belgrade police officer for civil rights violation, malicious prosecution, defamation and intentional and negligent infliction of emotional distress.

We held in Sacco that an independent cause of action for negligent infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent act or omission. Sacco, 896 P.2d at 426. We also concluded that "serious or severe emotional distress" should be defined by employing the definition of these terms found in the Restatement (Second) of Torts, which provides in pertinent part:

[Emotional distress] includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin,

disappointment, worry and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity. Severe distress must be proved. . . .

Sacco, 896 P.2d at 426 (quoting Restatement (Second) of Torts, 46, comment j at 77-78).

In granting Carolyn's Motion for Summary Judgment, the District Court relied on our decision in Sacco. State Farm contends that this was error because although Carolyn witnessed the accident, she did not sustain any bodily injury, thus she was a "bystander" victim as defined in Versland. State Farm maintains that since the policy provides bodily-injury liability coverage for damages the insured is legally liable to pay because of bodily injury to one person in an accident, including all injury and damages to others as a result of that bodily injury, Carolyn is subject to the $25,000 per person limit applicable to Fredie's claim because Carolyn's emotional distress resulted from Fredie's injury. State Farm also argues that Carolyn's claim should be treated the same as a claim for loss of consortium and that our prior decision in Bain v. Gleason (1986), 223 Mont. 442, 726 P.2d 1153, is controlling in this situation.

We disagree; neither Versland nor Bain is controlling under the facts here given our decision in Sacco. In Sacco it was our intention to simplify and clarify the elements of claims for negligent and intentional infliction of emotional distress, not to further complicate this body of law by adding yet another theory to those already in existence. See Sacco, 896 P.2d at 429. In view of State Farm's arguments and in light of Sacco it is appropriate that we discuss Versland and Bain, however. We had previously said in Versland that to recover on a claim for negligent infliction of emotional distress, the plaintiff must show (1) that the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous perception of the accident, (2) that the plaintiff and the victim were closely related, and (3) that the victim suffered either death or serious physical injury as a result of the defendant's negligence. Versland, 671 P.2d at 588. Thus the plaintiff had to be a bystander and actually witness the accident.

However, in clarifying the elements of a claim for negligent infliction of emotional distress in Sacco, we eliminated the other various sorts of theories by which independent torts of negligent infliction of emotional distress came into Montana law such as the

Versland bystander analysis. Sacco, 896 P.2d at 429. Under the Versland analysis, a plaintiff's cause of action hinges upon the death or serious bodily injury of the accident victim. The plaintiff's claim is derivative. Under the Sacco analysis, a plaintiff's cause of action requires a showing of severe or serious emotional distress to the plaintiff. The plaintiff's claim is independent and non-derivative. Furthermore, even prior to Sacco, Montana law recognized that where recovery is for emotional distress absent physical injury, such a claim is allowed as an independent cause of action. See Johnson v. Supersave Markets, Inc. (1984), 211 Mont. 465, 473, 686 P.2d 209, 213.

State Farm's reliance on Bain is also misplaced. Bain involved a claim for loss of consortium. The plaintiff in Bain brought an action to recover for the injuries his wife sustained in an automobile accident. In Bain, we said that the "Each Person" limitation refers to all damages imposed by law by whomever suffered resulting from one bodily injury and one accident and that the "Each Accident" limitation only applies when two or more persons suffer bodily injury in the same accident. Bain, 726 P.2d at 1158.

Unlike Carolyn, the plaintiff in Bain was not at the scene of the accident and did not witness the injuries to his spouse. As the District Court pointed out in the case before us "[i]t is this personal, on the scene, direct physical and emotional impact which distinguishes emotional distress claims under Sacco from loss of consortium claims. . . ." Carolyn was a separate person who received an independent and direct injury at the accident scene. Her serious and severe emotional distress was the reasonably foreseeable consequence of Hintz's negligence. Sacco, 896 P.2d at 426.

State Farm further argues that emotional distress is not a bodily injury, therefore Carolyn cannot be considered a second party injured under the policy. We note that while the State Farm policy does not define bodily injury, per se, it does allow recovery for various injuries including loss of consortium which is not a physical injury. Moreover, State Farm is willing to provide coverage for emotional injuries resulting from the decedent's physical injury, but only subject to the one person limitation. Under the circumstances, State Farm is estopped from arguing that there is no coverage for emotional or mental injuries. Clearly, State Farm is willing to provide coverage for those types of injuries.

Accordingly, we hold that Carolyn was a second injured person in the accident, thus the "Each Accident" limits in the policy apply, and we affirm the judgment of the District Court.
Affirmed.

/S/   JAMES C. NELSON

96-028

We Concur:

/S/  J. A.  TURNAGE
/S/  CHARLES E. ERDMANN
/S/  WILLIAM E. HUNT, SR.
/S/  TERRY N. TRIEWEILER