**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Plaintiff–Appellee,**

v.

**Caroline BOWEN, Individually and as the Personal Representative of the Estate of Michael Bowen, Defendant–Appellant,**

and

**Kirk Alan Taylor, Defendant.**

**No. 05–35961.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007 *.

Filed Aug. 29, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert F. James, Esq., Ugrin Alexander Zadick & Higgins, Great Falls, MT, for Plaintiff–Appellee.

Stephen D. Roberts, Esq., Bozeman, MT, for Defendant–Appellant.

Before: HALL, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Caroline Bowen appeals the grant of summary judgment to State Farm Mutual Automobile Insurance Company in this diversity action regarding the scope of underinsured motorist coverage under Bowen's insurance contract. We affirm. Because the parties are familiar with the facts of the case, we do not recite them here.

█ We hold that the district court correctly concluded that Bowen's wrongful death and survivorship claims "stem from the same bodily injury sustained by one person." *Bain v. Gleason,* 223 Mont. 442, 726 P.2d 1153, 1156 (1986) (internal quotation marks omitted). Therefore both claims are subject to the contract's unambiguous limit on the "amount of coverage for all damages due to bodily injury to one person." Like the loss of consortium claim in *Bain,* and unlike the negligent infliction of emotional distress claim at issue in *Treichel v. State Farm Mut. Auto. Ins. Co.,* 280 Mont. 443, 930 P.2d 661 (1997), wrongful death stems from a breach of the duty running to the decedent, not a separate duty running to the claimant. *See* Mont.Code Ann. § 27–1–513. Because the tortfeasor does not violate a separate duty to the claimant, the wrongful death claimant does not suffer an "independent and direct injury at the accident scene." *Treichel,* 930 P.2d at 665. Rather, the wrongful death claimant suffers damages only upon the decedent's death. *See* Mont.Code Ann. § 27–1–513. Because Michael Bowen's death is an essential element of Caroline Bowen's wrongful death claim, the claim "stems from the same bodily injury" giving rise to Michael's survivorship claim under Montana law. Nor does the contractual lan-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guage demand a different result: the "Each Person" clause unequivocally evinces an intent to limit "all damages" stemming from the bodily injury to Michael Bowen.

We also reject Bowen's claim that, under *Treichel*, State Farm is estopped from denying separate "Each Person" underinsurance coverage for the wrongful death claim. Bowen's wrongful death claim is not a separate and independent claim, and State Farm is not denying coverage for emotional damages; it concedes coverage up to the "Each Person" liability limits. Therefore *Treichel* is inapposite.

AFFIRMED.