**Gene Owens HALL, Sr., Josephine Hall, his wife, and Richard Hall, Kathleen Hall and Gene Owens Hall, Jr., by their Guardian Ad Litem, Gene Owens Hall, Sr., Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 1057.**

United States District Court
D. Montana,
Missoula Division.

April 5, 1967.

Goldman & McChesney, Missoula, Mont., for plaintiffs.

Moody Brickett, U. S. Atty., Robert T. O'Leary, Asst. U. S. Atty., Donald Douglas, Asst. U. S. Atty., Butte, Mont., for defendant.

RUSSELL E. SMITH, District Judge.

Gene Owens Hall was seriously injured by reason of the negligence of the United States, but was denied recovery because of his own contributory negligence. His wife, Josephine Hall, was denied recovery for loss of consortium. Now Josephine Hall moves for a new trial or in the alternative to amend the findings and conclusions heretofore entered to permit her to recover for loss of consortium. May a wife sue a negligent third person for loss of consortium where the husband was himself contributorily negligent? The question has not been specifically answered by the Montana Supreme Court.

The loss of consortium law in Montana is stated in the cases of Duffy v. Lipsman-Fulkerson & Co., D.Mont. 1961, 200 F.Supp. 71, and Dutton v. Hightower and Lubrecht Construction Co., D.Mont.1963, 214 F.Supp. 298. These cases recognized the common law right of the husband to sue for loss of consortium and held that the wife under the common law and statutes of the state had the equivalent right.

■ At common law the contributory negligence of the wife defeated the husband's right, and in those jurisdictions recognizing the wife's right to sue for loss of consortium the contributory negligence of the husband defeated that right.[1]

Although the rule is supported by many decisions, it has been severely criticized by the scholars.[2] Apparently the criticism has had little impact on the courts. So far as Montana is concerned, what signposts there are point in the direction taken by the courts rather than the scholars. The same criticisms made of the rule that contributory negligence is a bar in a loss of consortium action can be and are leveled at the rule making contributory negligence a bar in a wrongful death action,[3] and yet in Montana contributory negligence is a bar in the wrongful death action.[4]

The court is of the opinion that the Montana Supreme Court, called upon to decide this problem, would decide it in conformity with the case law.

Plaintiffs' motions are denied.

1. Restatement, Torts Sec. 693, Comment C, (1938 ed.) This section refers only to the husband's action since at that time the American Law Institute did not recognize a right in the wife; Prosser, The Law of Torts. (3rd ed. 1964), p. 915; Sove v. Smith, 6 Cir. 1966, 355 F.2d 264; 41 C.J.S. Husband and Wife, Sec. 401c; Harper and James, The Law of Torts, Section 8.9 (1956 ed.)

2. Prosser, Torts, supra, n. 2 at p. 915.

3. Harper and James, The Law of Torts, Sec. 23.8 (1956 ed.)

4. Section 93–2810, R.C.M.1947. Melville v. Butte-Balaklava Copper Co., 47 Mont. 1, 130 P. 441 (1913); Maronen et al. v. Anaconda Copper Mining Co., 48 Mont. 249, 136 P. 968 (1913).