No. 87-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE SUPPORT OF
CAROLYN ELLEN KRUG and
CRISTINA ESTEE KRUG, Minor Children.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:
Cross-
For Appellant s/Respondents:

Kevin T. Sweeney; Sweeney & Healow, Billings, Montana

For Respondent/Appellant:

Fred E. Work, Jr., Work Law Firm, Billings, Montana

---

Submitted on Briefs: Jan. 28, 1988

Decided: March 8, 1988

Filed: MAR 8 - 1988

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Thirteenth Judicial District, Yellowstone County, ordered the father to pay prospective child support, finding unconscionable a stipulation by which the father and mother had agreed the father would not be responsible for any child support. The father appeals and the children cross appeal. We affirm.

We restate the issues raised by the father as:

1. Do the doctrines of collateral estoppel and equitable estoppel bar the relief sought by the minor children?

2. Does § 40-4-208(2)(b)(ii), MCA, bar the children's petition?

3. Does § 40-6-211, MCA, preclude relief in this case?

4. Should the children's petition have been brought under the action dissolving the parents' marriage?

The children raise the issues of whether it was error to fail to award past support and support during the pendency of this action.

The parents' marriage was dissolved in 1978. Custody of the two minor children was awarded to the mother. The father was ordered to pay $200 per month in child support, plus certain medical costs. In 1980, the parents entered a stipulation wherein they agreed that 1) the father would be relieved of any future duty to support the children, 2) the mother would give the father upon his request a satisfaction of judgment for child support, 3) the father would forego his right to visitation with the children, 4) the father would permit future adoption of the children by anyone the mother would select, and 5) the father would not contest the guardian appointed in the mother's will. The District Court ordered that the dissolution decree be amended by the stipulation.

2

In March 1987, the children petitioned the court to set reasonable child support and to require the father to pay past, present, and future child support to the mother, along with medical, dental, and health insurance coverage. The absence of a guardian ad litem is not an issue in this case. See Rule 9(a), M.R.Civ.P. Both parents filed affidavits setting forth their assets and liabilities, income and expenses. The mother's affidavit shows that she is a court secretary and holds a second job. Her monthly income available for child support purposes is $1,083. The father's affidavit states that he is employed at the Cenex Refinery in Laurel, Montana. His monthly income available for child support purposes is $1,838.48. Both parents' employment is relatively secure. The mother lists $1,667 in monthly expenses for herself and the children.

The matter was submitted to the court on the parties' briefs, the affidavits, and an agreed statement of facts. The court denied the request for past child support on equitable grounds. However, as to future child support, the court refused to honor the parents' stipulation. It ordered the father to pay the mother $285 per month per child beginning the next month. It also ordered the father to provide health insurance for the children through his employment and to contribute 63% of their uninsured health care costs.

I

Do the doctrines of collateral estoppel and equitable estoppel bar the relief sought by the minor children?

Collateral estoppel bars the same parties from relitigating issues on which a final judgment has been entered in a different cause of action. Matter of Unfair Labor Practice No. 38-80 (Mont. 1986), 720 P.2d 1181, 1182, 43 St.Rep. 1148, 1150. Under § 40-4-208, MCA, future support

installments may be modified. Thus, they are not final judgments for purposes of collateral estoppel. We hold that collateral estoppel does not bar modification of the father's future child support obligation.

The father cites three opinions of this Court in support of his argument that equitable estoppel bars the relief sought by the minor children. In the first, State ex rel. Blakeslee v. Horton (Mont. 1986), 722 P.2d 1148, 43 St.Rep 1321, we affirmed the district court's order denying the mother's claim for child support following a 14-year agreement whereby the father paid no support and had no contact with the child. We cited the lower court's statement that there was no proof of a present actual need for the support requested. In the second case cited, the mother had been awarded custody of the children. However, the parents had made an express agreement under which the father had assumed custody of the children. The lower court concluded that the mother was estopped from enforcing the support provisions of the dissolution decree. We affirmed. In re Marriage of Cook (Mont. 1986), 725 P.2d 562, 43 St.Rep. 1732. In the third case cited, the parties had entered an oral agreement reducing the amount of child support the father would pay during periods when he was laid off work. This Court held that the relative financial abilities of the parties made the terms of the previous support order, which the mother sought to enforce, unconscionable. In re Marriage of Jensen (Mont. 1986), 727 P.2d 512, 43 St.Rep. 189.

The equitable considerations in this case contrast with those in Blakeslee, Cook, and Jensen. Here, it is the children, and not the mother, who petition for support. The children were not parties to the stipulation between the mother and the father, and the children, not the parents, are the beneficiaries of child support. More importantly, in the

4

present case it is not disputed that the support requested is necessary and that the father has the ability to contribute what the mother cannot. The lower court granted the petition for _future_ support. We hold that under the circumstances presented here, equitable estoppel does not bar the petition.

## II

Does § 40-4-208(2)(b)(ii), MCA, bar the children's petition?

The father argues that the stipulation between the parents is valid under § 40-4-208(2)(b)(ii), MCA, and that no basis has been shown for modifying the stipulation. Section 40-4-208(2)(b), MCA, provides:

> (b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:
> (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or
> (ii) upon written consent of the parties.

The lower court stated that "[a]n agreement which attempts to abrogate child support forever is unconscionable in all but the most strained circumstances" and that the stipulation for no support in this case was "unconscionable ab initio." An unconscionable stipulation does not attain validity by virtue of being signed by the parties. However, because the stipulation was incorporated into the dissolution decree, it is, in effect, a support decree proposed for modification. While the lower court did not make a specific finding of unconscionability under § 40-4-208(2)(b)(i), MCA, we again point out that a need for future support has been established and is not contested. We hold that the petition was not barred by this statute.

5

III

Does § 40-6-211, MCA, preclude relief in this case?

Section 40-6-211, MCA, provides:

> Obligations of parents for the support and education of their children. The parent or parents entitled to the custody of a child must give him support and education suitable to his circumstances.

The father argues that this statute precludes relief unless there is a showing that the mother, as the custodial parent, can no longer provide the minor children with support and education suitable to their circumstances.

This statute was enacted as part of the Civil Code of 1895. It is not a part of the major revision of Montana's termination of marriage, child custody, and support statutes adopted in 1975. We hold that this statute does not relieve a noncustodial parent of obligations of support under Montana's other child support laws.

IV

Should the children's petition have been brought under the action dissolving the parents' marriage?

This argument is raised for the first time on appeal. While it may have some technical merit, we note that the parents' dissolution was also a Yellowstone County action. We hold that this issue, raised for the first time on appeal, does not present grounds for reversal.

V

Did the court err by not ordering past child support?

The children cite this Court's opinion in Marriage of Neiss (Mont. 1987), 743 P.2d 1022, 44 St.Rep. 1695. In that case, after a decree had been entered ordering the father to

6

pay the mother monthly child support, the parents had agreed that the father would pay the mother several quarterly installment payments, and that the mother would then release him from further obligations for child support and maintenance. This Court quoted the best interest of the child test as the standard, then held the parents' agreement void as against public policy. "Equitable estoppel must be found by the trial court upon clear and compelling evidence to override the provisions of § 40-4-208, MCA." Neiss, 743 P.2d at 1024 (citing Cook).

Here, in addition to an absence of support for some seven years, there was also a complete absence of contact between the father and the children for that period. As the district court stated, "while this court could restore the monetary child support which should have been paid by respondent it cannot restore the missed visitation to respondent." Additionally, there was no evidence that the children now require that the past child support be paid. We hold that clear and compelling evidence supports the court's refusal to award past child support.

VI

Did the court err by failing to award support during the pendency of this action?

Section 40-4-208, MCA, provides that "a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification." The children point out that their father received actual notice of the motion for modification when they filed their petition. They say the court erred by failing to award support from that time forward.

The statute leaves discretion in the trial court as to when modification takes effect. In re Support of Rockman (Mont. 1985), 705 P.2d 590, 592, 42 St.Rep. 1323, 1326. In light of all circumstances, we do not hold the lower court in error in exercising its discretion as it did.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

8