No. 89-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
ROBERT L. RYAN,

        Petitioner and Appellant,

   and

SHIRLEY J. RYAN,

        Respondent and Respondent.

APPEAL FROM:  District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Cort Harrington, Jr., Helena, Montana

    For Respondent:

        Shirley J. Ryan, pro se, Paradise Valley, Arizona

               Submitted on Briefs:  Aug. 10, 1989

                     Decided:  September 7, 1989

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The First Judicial District Court, Lewis and Clark County, granted a decree of dissolution to appellant Robert L. Ryan and respondent Shirley J. Ryan and ordered the appellant to pay respondent $9,380 to fulfill his child support obligations. Robert Ryan appeals the child support judgment alleging that it is an improper modification of the parties' separation agreement because it creates a retroactive child support obligation. We affirm.

Did the District Court err in ordering the husband to pay child support to the wife when the separation agreement required the husband to support children in his custody and those children subsequently moved to the wife's home?

The episodic marriage of Shirley and Robert Ryan began on January 24, 1959 and produced four children: Cheryl, Robert, Jr., Patrick and Michael. The parties divorced in 1973 and remarried two years later. On September 20, 1976, they entered a decree of legal separation which incorporated their separation agreement. Shirley petitioned the District Court for dissolution in 1986 but declined to complete the matter until Robert filed for dissolution on September 27, 1988.

The separation agreement, which remained in effect until the final decree of dissolution, provided for a balanced division of the family property, obligations and children. Shirley assumed custody of Cheryl and Robert, Jr., while Robert took custody of Patrick and Michael. The agreement also provided for child support:

> Husband agrees to be responsible for and
> support Patrick Sean Ryan and Michael Erin
> Ryan and Wife agrees to be responsible for and
> support Cheryl Ann Ryan and Robert Lee Ryan,
> Jr.

Each party was to retain medical insurance and tax deductions for the children in their custody. Shirley testified during the

2

dissolution proceedings that she took a lesser amount of the family property to compensate for the earlier date at which Cheryl and Robert, Jr., would reach emancipation.

This arrangement continued until February 1980 when Patrick left his father and went to live with his mother. By that time, Cheryl and Robert, Jr., had both attained the age of majority. In December 1984, Michael also moved in with his mother, but returned to his father's home in November 1986. In May 1988, Michael again left his father to live with his mother.

On July 31, 1986, Shirley filed an application for a decree of dissolution, child support, and modification of custody. Among other things, she requested that the court order Robert to pay retroactive and continuing child support for the time that Patrick and Michael lived in her home. Robert entered a motion to quash. After denying Robert's motion, the District Court granted the decree of dissolution as of February 24, 1989. The District Court found that the parties had agreed to a mutual modification of their 1976 separation agreement by allowing Patrick and Michael to live with their mother. The court found that Patrick and Michael, both emancipated at that time, had lived with Shirley for forty months and twenty-nine months respectively. Applying the Supreme Court's Guidelines for Child Support, the District Court ordered Robert to pay Shirley $9,380 at $200 per month. Robert now appeals that decision.

We agree with the District Court's equitable and well-reasoned decision.

The general rule on modification of child support provides that, "a decree may be modified by a court . . . only as to installments accruing subsequent to actual notice to the parties of the motion for modification." Section 40-4-208(1), MCA (1987). This Court, however, has carved out an equitable exception to the

statute.

> These legal principles, however valid they may be as a general rule, are rendered impotent when the parties mutually agree that they be ignored and also carry out such agreement in actual fact . . . .

State of Washington ex rel. Blakeslee v. Horton (1986), 222 Mont. 351, 355, 722 P.2d 1148, 1150.

In the separation contract, Robert agreed that he would have custody and support responsibilities for Patrick and Michael. The District Court found that Robert at least tacitly assented to modification of the arrangement by allowing Patrick and Michael to live with their mother.

As the District Court noted, this case is notably similar to In Re Marriage of Sabo (Mont. 1986), 730 P.2d 1112, 43 St.Rep. 2175. In Sabo the divorce decree and settlement agreement provided that the couple's children would live with the wife and the husband would pay child support. We held that the wife was not entitled to child support after she gave residential custody of the children to her former husband. Sabo, 730 P.2d at 1114, 43 St.Rep. at 2178-79.

As a corollary to Sabo, the parent who takes residential custody of children pursuant to a mutual modification of custody provisions is entitled to child support. Parents are responsible for the support of their offspring. In Re Support of Krug (Mont. 1988), 751 P.2d 171, 174, 45 St.Rep. 446, 449; State v. Hubbard (1986), 222 Mont. 156, 160, 720 P.2d 1177, 1179; In Re Marriage of Hickey (1984), 213 Mont. 38, 45, 689 P.2d 1222, 1226. Child support is for the benefit of the children. Krug, 751 P.2d at 173, 45 St.Rep. at 448. It should flow toward the children regardless of the diversionary machinations of the parents.

The present case is less one of retroactive modification than it is a simple case of collecting reasonable support based on

4

custody. Robert had a legal, moral, and contractual duty to support Patrick and Michael, and he avoided that duty while they were living with Shirley. Robert now complains that Shirley will reap a windfall under the District Court's order. To the contrary, the order will prevent Robert from reaping a windfall at Shirley's expense.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices