No. 89-216

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

IN RE THE MARRIAGE OF
LANA JEAN GALLANT,

        Petitioner and Respondent,

   and

HARRY GALLANT,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mark A. Vucurovich; Henningsen, Purcell, Vucurovich
        & Richardson, Butte, Montana

    For Respondent:

        J. Mark Stahly; Jackson, Murdo & Grant, Helena, Montana

---

Submitted on Briefs: Dec. 1, 1989

Decided: February 15, 1990

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Harry Gallant appeals from a judgment of the District Court, Eighth Judicial District, Cascade County, finding him liable for $6,367.38 in child support arrearages, medical expenses and attorney fees. We affirm the District Court.

The sole issue presented is whether the court erred in finding the father liable for $4,050 in child support arrearages.

Harry and Lana Jean Gallant were divorced in September, 1980. Lana Jean Gallant was awarded custody of the minor child, and Harry was required to pay all reasonable medical, optical and dental bills incurred on behalf of the child, as well as $75 per month in child support. The court recognized the father's disability as a result of an industrial accident, and allowed him to forego payment until he received his disability benefits.

The father began receiving $1,000 per month in Workers' Compensation benefits in the fall of 1981. It is uncontroverted that he helped pay his son's medical expenses from 1981 to 1985. In 1981 or 1982, father agreed to turn over a trailer to the mother as partial payment of back child support. Mother subsequently sold the trailer for $6,000.

In April, 1985, father began receiving Social Security benefits of $850 per month, as well as union retirement benefits of $330 per month, making his total monthly income approximately $1,180. In addition, he received a lump sum payment of past Social Security benefits totalling $36,000.00.

Father made no child support payments, and no medical payments from 1986 on, despite requests from the mother. Subsequently, mother retained counsel and filed a motion for order to show cause why contempt should not issue for the father's failure to pay child support and reasonable medical bills. Hearing on the matter took place on November 17, 1987, and judgment and order issued on

2

February 21, 1989. The District Court found that the father was 86 months behind in child support, amounting to $6,450. The court credited him with $2,400, the amount the mother testified she had netted on the sale of the mobile trailer. The court found the father also owed $1,238.09 in medical expenses. The court noted that the parties' child had been receiving $325 per month in Social Security benefits since 1985, but declined to discharge the child support obligation in light of those benefits. This appeal ensued. Appellant appeals only the child support ruling.

The father contends that the District Court erred in finding he owes child support arrearages. Father argues that he has substantially complied with the decree's child support obligations by turning the house trailer over to his ex-wife, and by obtaining Social Security payments for the child.

The mother testified that she received $2,400 from the sale of the trailer after costs were deducted. This testimony is unrefuted. The court took into consideration statements by both parties that the transfer of the property was in lieu of child support payments. The court then subtracted $2,400 from its calculation of arrearages:

| | |
|---|---|
| 86 months at $75/month | $6,450.00 |
| Less: Credit from transfer of property | $2,400.00 |
| | $4,050.00 |

Father has raised no objection to the $2,400 figure offered by the wife. Rather, he asserts that the parties agreed that the transfer would absolve husband of all arrearages. The District Court properly disregarded the claim, as such modification requires the written consent of the parties. Section 40-4-208(2)(b)(ii), MCA. Thus, after crediting father for $2,400, the court properly adjudged the remaining $4,050 due and owing.

3

Father also contends that his obtaining of Social Security payments for the child serves as substantial complaince with the support obligation. He states that the parties agreed at the decree's inception to terminate child support upon obtainment of Social Security benefits. No such provision is contained with the parties' dissolution decree.

The father's claim of substantial compliance with the child support order does not meet the standard of "substantial compliance" set forth in In Re the Marriage of Sabo (1986), 224 Mont. 252, 256, 730 P.2d 1112, 1114 and Williams v. Budke (1980), 186 Mont. 71, 74-5, 606 P.2d 515, 517. The surrender of the trailer here accounted for only one-third of the outstanding child support debt. Further, the attainment of Social Security benefits for the child is not an "expenditure [by the father] which constitutes substantial compliance with the spirit and intent of the decree." In Re Marriage of Cook (1986), 223, 299 Mont. 293, 725 P.2d 562, 566. Such benefits in no way constitute an expenditure from the father. The father has neither shown nor pleaded substantial and continued changed circumstances that would serve to allow modification. Section 40-4-208(2)(b)(i), MCA. Conversely, the mother has shown actual need for the support. The parties' child has accrued substantial medical bills due to his physical disability. This Court is reticent because of statutory limitation to relieve an obligor parent of past due child support obligations. State ex. rel Blakeslee v. Horton (1986), 222 Mont. 351, 722 P.2d 1148 1150-51; Sabo, supra.

4

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5