JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority opinion, but disagree with the standard established by the majority for determining whether a child has a cause of action for loss of his or her parent’s consortium.
The nature of the loss for which a consortium action is brought is damage to the relationship between the parent and the child. When we recognized the right of a child to make a claim for loss of a parent’s consortium, we pointed out that:
[T]he rights of the child to support, aid, protection, affection and society of the parent derive from both statute and case law. Sections 40-6-211, 40-6-214, 41-3-102(3)(c)[, MCA]; In re Krug (1988), 231 Mont. 78, 751 P.2d 171. In addition, the child has the right to parental discipline, guidance and training....
We conclude that under the Montana case law and statutes as developed, minor children are entitled to the support, aid, protec *164 tion, affection, society, discipline, guidance and training of their parent. This policy underlies the “best interests of the child test” in custody determinations under § 40-4-212, MCA, and the right of the child to seek damages under Montana’s Wrongful Death Statute. See §§ 27-1-512 and 513, MCA, and Ewalt [v. Scott (1983)], 206 Mont. 503, 675 P.2d 77.
Pence v. Fox (1991), 248 Mont. 521, 526-27, 813 P.2d 429, 432-33.
If the nature of the loss for which a child is to be compensated is damage to the relationship between the child and his or her parent, it makes no sense to me that the cause of action is arbitrarily limited by the nature of the parent’s injury. The standard which gives rise to the cause of action should logically be based on the nature and extent of the damage to the parent-child relationship.
It is interesting that in Montana there is no similar limitation on the right of one spouse to recover lost consortium when it results from physical or mental injury to another spouse. See Duffy v. Lipsman-Fulkerson & Co. (D. Mont. 1961), 200 F. Supp. 71;Dutton v. Hightower and Lubrecht Construction Co. (D. Mont. 1963), 214 F. Supp. 298; Hall v. United States (D. Mont. 1967), 266 F. Supp. 671; Bain v. Gleason (1986), 223 Mont. 442, 726 P.2d 1153. And yet, there should be no dispute that disruption of the parent-child relationship will in most cases have much greater consequences than damage to the relationship between two adults. I agree with the following observation from The Child’s Right to Sue for Loss of a Parent’s Love, Care and Companionship Caused by Tortious Injury to the Parent, 56 B.U.L. Rev. 722, 742 (1976), and quoted by the Iowa Supreme Court in Weitl v. Moes (Iowa 1981), 311 N.W.2d 259, 269, overruled in part by Audubon-Exira Ready Mix, Inc. v. Illinois Central Gulf Railroad Co. (Iowa 1983), 335 N.W.2d 148:
Since the child in his formative years requires emotional nurture to develop properly, the' loss of love, care and companionship is likely to have a more severe effect on him than on an adult; and society has a strong interest in seeing that the child’s emotional development proceeds along healthy lines. Moreover, an adult is in a better position than a child to adjust to the loss of a family member’s love, care and companionship through his own resources. He is capable of developing new relationships in the hope of replacing some of the emotional warmth of which he has been deprived. A child, however, is relatively powerless to initiate new relationships that might mitigate the effect of his deprivation. *165 Legal redress may be the child’s only means of mitigating the effect of his loss.
Because the cause of action recognized by the majority is for the purpose of compensating a child for damage to the child’s relationship with his or her parent, and because there is no comparable limitation on a cause of action brought by an adult for loss of a spouse’s consortium, I would not arbitrarily limit a child’s claim for loss of parental consortium based on the nature of the parent’s physical or mental injury. I would follow the test established by the Iowa Supreme Court when it held that in that state “a minor has an independent cause of action for loss of the society and companionship of a parent who is tortiously injured by a third party so as to cause a significant disruption or diminution of the parent-child relationship.” Weitl, 311 N.W.2d at 270, overruled in part by Audubon-Exira Ready Mix, Inc. v. Illinois Central Gulf Railroad Co. (Iowa 1983), 335 N.W.2d 148.
Therefore, I concur in the result of the majority opinion, but for reasons other than those set forth in that opinion.
JUSTICE HUNT joins in the foregoing special concurrence.