No. 00-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 173N

In re the Marriage of

BETH LAUREN MORGENSTERN,

n/k/a BETH LAUREN MORGENSTERN-KOUBA,

Petitioner, Respondent, and Cross-Appellant,

and

MARK GRAMS,

Respondent and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark Grams (pro se), Littleton, Colorado

For Respondent:

Gail H. Goheen, Koch, Johnson, Weber & Goheen, PLLP, Hamilton, Montana

Submitted on Briefs: April 5, 2001
Decided: August 23, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Mark Grams appeals from the Findings of Fact, Conclusions of Law and Judgment entered by the Eleventh Judicial District Court, Flathead County. Beth Lauren Morgenstern-Kouba (formerly Beth Lauren Morgenstern) cross-appeals. The issues presented can be summed up as one dispositive issue: Did the District Court err in its Findings of Fact, Conclusions of Law and Order?

¶3 We affirm.

## BACKGROUND

¶4 Beth Lauren Morgenstern-Kouba (formerly Beth Lauren Morgenstern) and Mark Grams dissolved their marriage in Riverside, California, on November 9, 1992. The court awarded the parties joint custody of their children, Jamie and Joel Morgenstern-Grams, with physical custody awarded to Beth. The court further ordered that Mark pay $1,222.00 per month in child support. At the time of the dissolution of the marriage, Mark resided in Colorado. Beth, primary physical custodian of the children, subsequently moved to Kalispell, Montana, in 1993.

¶5 In 1995 Beth and Mark negotiated back child support due and owing to Beth. On May 30, 1995, the matter was resolved by a payment of $2,541.50 from Mark to Beth. Because neither party resided in California, Beth filed the California dissolution judgment as a foreign decree in the Eleventh Judicial District Court, Flathead County, on September 13,

1995. Mark was not notified of the filing until August 1997.

¶6 Following the mailing of the notice in August 1997, Beth learned that Mark had disappeared and was suspected of criminal activity relating to funds missing from his former employer. On October 15, 1997, Beth sought a modification of the original parenting plan. Notice was sent to Mark's last known address but he failed to appear. On November 5, 1997, Beth obtained a Final Parenting Plan which substantially terminated Mark's visitation and related rights, continued his responsibilities to provide child support as set by the California Superior Court and required a monthly payment for medical insurance. Although Mark had regular contact with his children prior to August 1997, there has been no contact since then. Mark has not paid child support since September 1997.

¶7 In the Spring of 1999, Mark was arrested for federal felony criminal charges relating to monies missing from his former employer. On October 18, 1999, Mark filed a motion pro se to modify his child support responsibilities. Mark contended that a modification should be retroactive to November 5, 1997, when the original California parenting plan was modified by the District Court of Flathead County. At the time of the filing, the past due child support owed to Beth from October 1, 1997, through October 15, 1999, totaled $30,550.00 together with interest on that amount to May 30, 2000, of $5,051.10. The past due medical payments from December 1, 1997, through October 18, 1999, totaled $2,875.00 together with interest on that amount to May 30, 2000, of $483.64. The full amount past due and owing to Beth prior to Mark's motion to modify, including interest to the date of the District Court trial, was $38,959.74.

¶8 Trial commenced on May 30, 2000. The District Court determined that Mark's circumstances had substantially changed and the monthly support ordered was excessive. On June 23, 2000, the District Court issued its Findings of Fact, Conclusions of Law, and Order. The District Court entered judgment for unpaid child support and medical insurance cost plus interest, and authorized a qualified domestic relations order requiring the transfer of any pension or retirement plan held for Mark's benefit to satisfy Mark's arrearages. The court reduced the amount to be paid monthly from $1,222.00 to $504.00 per month effective November 1, 1999. The court further concluded that, due to uncertainties of both parties' income, the support obligation should be reviewed and recalculated on an annual basis at the request of either party.

¶9 The District Court also implemented guidelines for reestablishment of the parental

relationship, requiring that reestablishment of Mark's contact with his children be accomplished under the guidance, supervision, and schedule of a professional person mutually chosen by Beth and Mark. Upon recommendation of the professional person, Mark could request to reestablish parental rights as set forth in the original parenting plan approved by the California Superior Court. The court disallowed Mark's claim for a judgment against Beth relating to a house they co-owned in California and awarded attorney's fees to Beth. Mark appeals and Beth cross-appeals.

## STANDARD OF REVIEW

¶10 We review a district court's findings of fact and conclusions of law to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. We review the court's overall decision regarding modifications to child support to determine whether the court abused its discretion. *In re Marriage of Kovash* (1995), 270 Mont. 517, 521, 893 P.2d 860, 862-63.

## DISCUSSION

¶11 Did the District Court err in its Findings of Fact, Conclusions of Law and Order?

¶12 Mark contends the District Court made various errors in its decision. First, Mark argues that the District Court erred in not utilizing his proposed parenting plan which would have required that the children spend substantially more time with Mark. Beth contends that the District Court did not err in failing to accept Mark's proposed parenting plan because a district court is bound to determine any parenting issues based on the best interests of the children. We agree.

¶13 Our standard of review for a district court's award of child custody is whether the district court's findings are clearly erroneous. *In re Marriage of Baer,* 1998 MT 29, ¶ 18, 287 Mont. 322, ¶ 18, 954 P.2d 1125, ¶ 18. When the findings are supported by substantial credible evidence, we will affirm the district court's decision unless a clear abuse of discretion is shown. *In re Marriage of Baer*, ¶ 18. A district court shall determine child custody matters in accordance with the best interests of the child. Section 40-4-212, MCA. Amendments to a parenting plan also are determined by the best interests of a child. Section 40-4-219, MCA. Thus, Mark's argument that the District Court is required to adopt his proposed custody plan fails because the District Court must ultimately look to the best interests of the children. In addition, this Court will not normally substitute its

judgment for that of the trier of fact concerning the "delicate" issue of child custody because the trial court is in the best position to observe witnesses and determine their credibility and character. *Keil v. Ferguson* (1990), 246 Mont. 344, 347, 805 P.2d 1334, 1336.

¶14 Based on the evidence presented, we see no abuse of discretion on the part of the trial court in failing to adopt Mark's parenting plan. Mark had no contact with his children for a substantial period of time as a result of his disappearance and evasion of federal authorities. Under the circumstances, we cannot conclude the court's method of resuming contact was erroneous.

¶15 Mark also contends that the District Court erred in not awarding him monies owed for missed mortgage payments under a valid California dissolution judgment. Beth responds that the District Court properly determined that pursuant to the language of the California judgment, Mark was to receive credit for missed mortgage payments on a house co-owned by them only to the extent that there was equity in the home sale from which a credit could be taken for missed mortgage payments.

¶16 Under Montana law, a foreign judgment is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. *See* §§ 25-9-603 and -604, MCA. The California Superior Court, in dividing the marital estate of the parties, issued the following Order:

> 2. By stipulation the Parties agree as follows:
>
> A. The house shall be sold and the proceeds, if any, divided equally between the parties. Husband shall have a credit for any mortgage payments missed by Wife prior to sale of the house."

¶17 Shortly after dissolution of their marriage, Beth filed for protection in bankruptcy and listed both the home and the lender. Within seven months, Beth vacated the home and moved to Montana. At the time of the dissolution, the mortgage payments had not been made for several months by either party. Upon foreclosure, the debt for both Beth and Mark was discharged and there was no equity to be distributed.

¶18 After examination of the language of the agreement, we conclude that the District Court correctly determined that Mark merely had a right to claim a greater share of the

proceeds upon sale if he were to show that his share was diminished because of Beth's failure to make mortgage payments. Mark has no right to recover a judgment as no profits were realized from the foreclosure and subsequent sale of the house.

¶19 Mark asserts that the District Court erred in determining its award of child support for the period from November 1997 to October 1999. Beth contends that the District Court properly confirmed the California court's prior orders for support of the children and merely added a health care provision to provide for health care coverage after Mark was no longer providing health care coverage for the children. We agree.

¶20 Mark further argues that payments he claims to have made for the childrens' non-court ordered medical insurance should be offset against his child support obligations. Mark also contends that he should be entitled to a credit against child support for mortgage payments he made on the house in California. Any payments made to the children or third parties on their behalf cannot be considered child support owed and cannot be offset against any child support obligations owed. Child support is a sum of money paid to the custodial parent to be used for care of the child. *Willoughby v. Loomis* (1994), 264 Mont. 44, 51, 869 P.2d 271, 275. *See also Williams v. Budke* (1980) 186 Mont. 71, 75, 606 P.2d 515, 517. Child support is for the benefit of the children. *In re Marriage of Ryan* (1989), 239 Mont. 100, 103, 778 P.2d 1389, 1390. No proof has been presented that indicates that the mortgage payments were intended to supplant child support payments. *See In re Marriage of Hadford* (1981), 194 Mont. 518, 527, 633 P.2d 1181, 1186.

¶21 Mark argues that the District Court erred in determining the appropriate level of child support from November 1999 through the present. In her cross appeal, Beth contends that the District Court erred in determining the appropriate level of child support and requests this Court implement a higher required payment. The District Court is required to apply the Child Support Guidelines in effect when modifying child support. Section 40-4-204(3)(a), MCA. We see no evidence that the District Court erred in its determination. The District Court provided for annual re-evaluation of the financial status of both parties. It has been approximately one year since the final decree and the District Court is the proper venue for any claim regarding a change in income of either party.

¶22 Mark contends that the District Court erred in awarding legal fees to Beth and denying legal fees to himself. After consideration of the financial resources of each party, a district court may order reasonable fees and costs to be assessed to the opposing party. Section 40-4-110, MCA. The awarding of attorney fees is clearly permissive under this statute, and

the appropriate standard for reviewing a district court decision to award attorney fees under § 40-4-110, MCA, is whether the court abused its discretion in refusing to award such fees. *See In re Marriage of Smith* (1990), 242 Mont. 495, 503, 791 P.2d 1373, 1378. Here, the District Court noted that both parties faced financial hardship in paying their significant legal fees. The District Court further noted that the current action was based on Mark's disappearance, the federal criminal charges pending against him, his failure to pay child support and stay in contact with his children, and his eventual arrest. As such, the District Court found it appropriate to assess reasonable attorney fees against Mark. Due to the nature of the claim and the large number of filings required, the District Court also concluded that the attorney fees and costs claimed by Beth's attorney were reasonable. We conclude that Mark has shown no abuse of discretion on the part of the District Court in awarding attorney's fees and costs to Beth. Under the same rationale, we also award Beth attorney fees and costs incurred on appeal.

¶23 Affirmed and remanded for a determination of attorney's fees and costs incurred in this appeal.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ JIM RICE